**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Old South Properties, Inc., | Case No.: 9:18-cv-522-RMG |
| Plaintiffs, | |
| v. | |
| William E. Gavigan, GSI, LLC, Bull Point SC, LLC and Bull Point Plantation Property Owners Association, Inc., | **ORDER AND OPINION** |
| Defendants. | |

This matter comes before the court on Plaintiff Old South Properties Inc.'s motion to remand (Dkt. No. 13), and Defendants GSI, LLC and Bull Point SC, LLC's motion to dismiss (Dkt. No. 5). For the reasons below, this Court grants Plaintiff's motion to remand, and denies Defendants motion to dismiss as moot.

I.     **Background**

Plaintiff initiated this action on January 22, 2018, by filing suit against Defendants in the Court of Common Pleas in Beaufort County, South Carolina. (Dkt. No. 1-2). Plaintiff's original complaint alleged causes of action for slander of title, defamation, tortious interference, unfair trade practice and civil conspiracy, requested that the court issue an injunction, and seeks declarations on three issues of state law. (Dkt. No. 1-2 at ¶¶ 46 – 87). One of the causes of action requests a declaration that the assignment of the property was invalid because of a deficiency in the recording of the assignment, contrary to South Carolina law. (Dkt. No. 1-2 at ¶¶ 35 – 38, 52 – 55).

On February 22, 2018, Defendants filed a Notice of Removal. (Dkt. No. 1). Plaintiff and Defendants are all corporations organized under the laws of the State of South Carolina with their primary places of business in South Carolina. (Dkt. No. 1-2 at ¶¶ 1 – 4). The sole

individual Defendant, William E. Gavigan, is a citizen and resident of South Carolina.   (Dkt.

No. 1-2 at ¶ 2).  The Complaint, further, alleges no claim under federal law.  (Dkt. No. 1).

However, Defendants claim that removal is proper because of a consent order signed by this

Court in Case No.: 9:16-cv-2552-RMG (the "Consent Order").

In the prior lawsuit, *GSI LLC and Gavigan Homes, Inc., v. DB Aster LLC, Gibraltar*

*Capital & Asset Management, LLC, and John Doe*, Case No.: 9:16-cv-2552-RMG, which came

to this Court on diversity jurisdiction, the parties ultimately agreed to a consent order of

dismissal with prejudice.  One of the Plaintiffs in that prior case, GSI, LLC, is a Defendant here.

The Consent Order required DB Aster LLC, the seller, to deliver to GSI LLC, the buyer,

escrowed documents finalizing the sale via an Interim Closing Agent, provided that five

conditions were met.  (Dkt. No. 1-1).  The Consent Order, furthermore, provided that if these

conditions were not met, GSI LLC would have ten days to file a "Motion to Compel Delivery of

Escrowed Documents," and if such motion was not filed, GSI LLC would be precluded from

pursuing that remedy.  (Dkt. No. 1-1).  The Consent Order concluded by stating that:

> Other than this sole and limited issue, this Court shall have no further jurisdiction
> to hear any matters in this case, it being the intention of the parties to dismiss with
> prejudice all claims and counterclaims alleged in this action. Should no Motion to
> Compel Delivery of Escrowed Documents be filed by Friday, September 15,
> 2017, the limited jurisdiction described herein shall be extinguished, and this
> matter shall be permanently closed.

(Dkt. No. 1-1).  No Motion to Compel Delivery of Escrowed Documents was ever filed and, as

acknowledged by Defendants in their Response to Plaintiff's Motion to Remand, all parties to

Case No.: 9:16-cv-2552-RMG complied with this Court's Order.  (Dkt. No. 21 at 2).

On February 28, 2018, Defendants GSI, LLC and Bull Point SC, LLC filed a Motion to

Dismiss.  (Dkt. No. 5).  On March 9, 2018, Plaintiff filed a Motion to Remand.  (Dkt. No. 13).

On March 23, 2018, Defendant William E. Gavigan and Bull Point Plantation Property Owners

Association, Inc. filed a Response to the Motion to Remand. (Dkt. No. 21). No response was filed by Defendants GSI, LLC and Bull Point SC, LLC and the 14 days provided for a response has elapsed. (Local Civ. Rule 7.06).

## II.    Legal Standards

Federal courts are courts of limited jurisdiction. *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). A defendant removing a case to federal court bears the burden of establishing that federal jurisdiction is proper. *Id.* (citations omitted). The existence of federal jurisdiction is determined at the time the defendant files his notice of removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (citations omitted). "On a motion to remand, the court must strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court, indicative of the reluctance of federal courts to interfere with matters properly before a state court." *Gallagher v. Fed. Signal Corp.*, 524 F. Supp. 2d 724, 726 (D. Md. 2007) (citation omitted). If there is any doubt regarding the existence of federal jurisdiction, the case must be remanded. *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

## III.    Discussion

There is no doubt that this Court lacks either federal question or diversity jurisdiction. The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a civil action to the federal district court "embracing the place where such action is pending" if the action could have originally been filed there. 28 U.S.C. § 1441(a). A district court has original jurisdiction of a civil action: (1) through diversity jurisdiction, "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different

states[,]" 28 U.S.C. § 1332(a)(1); or (2) through federal question jurisdiction, where the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The case here lacks diversity jurisdiction as all parties are citizens and residents of South Carolina. The case further lacks federal question jurisdiction, as Plaintiff filed this suit solely pursuant to South Carolina state law.

While Defendants initially claimed federal question jurisdiction in their Notice of Removal, in their Response they clarified that they allege that this Court retains ancillary jurisdiction to enforce its prior consent order. (Dkt. No. 21 at 4)

In addition to supplemental jurisdiction enshrined in 28 U.S.C. § 1367, federal courts can exercise "common law ancillary jurisdiction 'over related proceedings that are technically separate from the initial case that invoked federal subject matter jurisdiction,' which remains governed by case law." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 363 (4th Cir. 2010) *quoting* 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3523.2 (3d ed.2010) (emphasis omitted).

The Supreme Court has recognized ancillary jurisdiction in two instances. First, courts may exercise ancillary jurisdiction "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent[.]" *Peacock v. Thomas*, 516 U.S. 349, 354, 116 S. Ct. 862, 867, 133 L. Ed. 2d 817 (1996) *citing Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379–380, 114 S.Ct. 1673, 1676, 128 L.Ed.2d 391 (1994) (citations omitted). However, "[i]n a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." *Peacock,* 516 U.S. at 355.

The allegedly factually interdependent case here, Case No.: 9:16-cv-2552-RMG, was

closed of August 10, 2017. Therefore, it cannot support ancillary jurisdiction under the first test.

*See Id.* at 355 ("claims alleged to be factually interdependent with and, hence, ancillary to claims

brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent

lawsuit.... But once judgment was entered in the original ERISA suit, the ability to resolve

simultaneously factually intertwined issues vanished.")

Second, courts may exercise ancillary jurisdiction "to enable a court to function

successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its

decrees." *Id.* at 354. This power encompasses a "a broad range of supplementary proceedings

involving third parties to assist in the protection and enforcement of federal judgments—

including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent

conveyances." *Id.* at 356. This power includes jurisdiction over compliance "with the terms of

the settlement agreement [that] had been made part of the order of dismissal—either by separate

provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by

incorporating the terms of the settlement agreement in the order." *Kokkonen*, at 381.

Nonetheless, this power cannot be exercised "over proceedings that are entirely new and

original...or where the relief [sought is] of a different kind or on a different principle than that of

the prior decree." *Peacock,* 516 U.S. at 358.

This Court lacks ancillary jurisdiction under this second test as well. While Defendants

allege that this Court must exercise ancillary jurisdiction to enforce its judgments, the Court is

satisfied that its prior judgment was fully complied with. Indeed, as acknowledged by

Defendants, the seller in the prior suit, DB Aster LLC, executed the documents, the Interim

Closing Agent received the funds from the sale, tendered the documents to GSI, LLC, and the

sale was recorded in Beaufort County, South Carolina. (Dkt. No. 21 at 2). The Court was clear that its jurisdiction extinguished, and the matter was permanently closed, no later than September 15, 2017. (Dkt. No. 1-1). Furthermore, Plaintiff here was not a party to the Consent Order and seeks relief different than what was ordered in the prior decree. In addition to multiple unrelated causes of action, Plaintiff requests declaratory judgment regarding the procedures for executing a deed or assignment under S.C. Code Ann. § 30-5-30, an issue that was neither raised nor discussed in the prior proceedings or consent order.

Therefore, this Court lacks jurisdiction and this action is remanded to state court.

## IV.   Conclusion

For the reasons set forth above, Plaintiff's Motion to Remand (Dkt. No. 13) is **GRANTED**, and this action is remanded to state court. All other pending motions are **DENIED AS MOOT. AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

June 15, 2018
Charleston, South Carolina